UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60754-CIV-MIDDLEBROOKS

WAYNE A. PHILP,

    Plaintiff,

v.

ROSS UNIVERSITY SCHOOL
OF MEDICINE, *et al.*,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

THIS CAUSE comes before the Court upon Plaintiff Wayne A. Philp's ("Plaintiff") Application to Proceed *In Forma Pauperis* (DE 2), filed April 2, 2013. The Court has reviewed the Motion and the Record in this case, and is otherwise fully advised in the premises.

Plaintiff, proceeding *pro se*, filed a Complaint purporting to state a claim under 42 U.S.C. § 1983 against Defendant Ross University School of Medicine ("Ross University") and several Ross University officials. He now asks the Court to proceed *in forma pauperis*.

District courts must review civil complaints filed *in forma pauperis* and shall dismiss complaints that are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). While a court must construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the court is able to dismiss frivolous, malicious, or deficient complaints in order to promote judicial efficiency. Section 1915 grants the district courts broad

1

discretion in the management of *in forma pauperis* cases. *See, e.g., Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F. 2d 1416, 1419 (11th Cir. 1985). In the instant case, the Complaint completely fails to allege that Ross University and its employees were "acting under color of state law." Nor does the Complaint allege that Ross University is a government entity for purposes of § 1983. For this reason, the application to proceed *in forma pauperis* must be denied, and the Complaint dismissed without prejudice.

The Court also notes that venue in this District is likely improper. While no allegations of citizenship were made, Plaintiff's Civil Cover Sheet (DE 1-1) indicates that Ross University is located in Middlesex, New Jersey, and the Complaint shows that Ross University has a campus on the "Caribbean island of Dominica." (DE 1 at 2). Further, the Complaint demonstrates that the events giving rise to Plaintiff's cause of action occurred on the Dominica campus. Thus, because Defendants are not alleged to be residents of the Southern District of Florida for purposes of diversity jurisdiction, and the events giving rise to the cause of action are not alleged to have occurred in Florida, *see* 28 U.S.C. § 1391(b), this action would likely be dismissed under 28 U.S.C. § 1406 for improper venue.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Application to Proceed *In Forma Pauperis* (DE 2) is **DENIED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 14 day of May, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record